UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-34 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SHAHRIYAR MOTALEBI, | |
| Defendant(s). | |

Presently before the court is defendant Shahriyar Motalebi's motion asking the court to reconsider its denial of compassionate release. (ECF No. 80). The government responded in opposition (ECF No. 83) to which Motalebi replied (ECF No. 86).

Also before the court is Motalebi's motion to seal an exhibit to his motion for reconsideration (ECF No. 81) and the government's motion to seal an exhibit to its response (ECF No. 84).

I. **BACKGROUND**

Motalebi pled guilty to possession of child pornography and was sentenced to 63 months in custody followed by lifetime supervision. (ECF No. 71 at 2). His projected release date is November 2, 2023. (*Id.*). He moved for compassionate release on January 22, 2021, arguing that his "chronic medical conditions of chronic kidney disease, hyperlipidemia, and the distinct possibility of reinfection of COVID-19 at FCI Lompoc" are extraordinary and compelling reasons that warrant a sentence reduction. (*Id.* at 1). The court denied compassionate release:

> Although the parties agree that defendant's condition along with the COVID-19 pandemic entail an extraordinary circumstance, this court denies the instant motion upon consideration of defendant's sentence (63 months), his time

**James C. Mahan**
**U.S. District Judge**

served (approximately half), and the possible danger he may pose to the community due to the nature of his offense.

(ECF No. 79). Motalebi now asks the court to reconsider on two grounds. (ECF No. 80). First, the Ninth Circuit in *United States v. Aruda* recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13—which states, among other things, that a defendant should not be released if he is a danger to the community—is not binding on the court when deciding compassionate release motions filed by defendants. (*Id.* at 2 (quoting *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021)). Second, new evidence warrants compassionate release. Motalebi has completed various rehabilitation and educational programs and was recently diagnosed with tuberculosis. (*Id.* at 3–9).

## II. LEGAL STANDARD

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Courts resolve reconsideration motions in criminal cases using the same standard as in civil cases. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* LR 59-1(b) ("Motions for reconsideration are disfavored.").

Reconsideration is appropriate only if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. LR 59-1(a); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). There must be "facts or law of a strongly convincing nature in support of reversing the prior decision." *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017) (internal quotation marks omitted), *aff'd*, 719 F. App'x 672 (9th Cir. 2018).

James C. Mahan
U.S. District Judge

- 2 -

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It also should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). It is improper to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013).

### III. DISCUSSION

The First Step Act's compassionate release provision authorizes the sentencing court to reduce a term of imprisonment upon motion by the BOP or the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may grant compassionate release if "after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has (1) exhausted his administrative remedies and (2) shown "extraordinary and compelling reasons" that warrant a sentence reduction. *Id.* The court must also consider whether a sentence reduction is consistent with applicable policy statements from the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The Ninth Circuit in *Aruda* recently held that there are no applicable Sentencing Commission policy statements for compassionate release motions *filed by a defendant*. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The policy statements in U.S.S.G. § 1B1.13—which expressly apply to motions filed by the BOP only—may "inform a district court's discretion" on compassionate release motions filed by a defendant "but they are not binding." *Id.*

Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. Further, and most relevant to this motion, the policy statement directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.*

Motalebi says that because the court's denial of compassionate release was based, in part, on a finding that he is a danger to the community, the court should reconsider after *Aruda*. (ECF No. 80 at 3). That is because the court never stated whether it treated the policy statement as binding. The court now clarifies that it did *not* do so. In fact, the court has never treated the policy statement as binding in ruling on compassionate release motions filed by defendants. *See, e.g.*, *United States v. Trinh*, No. 2:17-cr-287-JCM-VCF, 2020 WL 7059580, at *1 (D. Nev. Dec. 2, 2020) ("[T]he court does not strictly adhere to the Sentencing Commission's outdated policy statement on sentence modification."); *United States v. Wren*, No. 2:17-cv-249-JCM-NJK, 2020 WL 5547757, at *2 (D. Nev. Sept. 16, 2020) ("The court agrees that its discretion to grant compassionate release is not strictly limited to the specific circumstances in the Sentencing Commission's outdated policy statement."). In accordance with *Aruda*, the policy statement merely informed the court's discretion.

Next, Motalebi argues that his changed circumstances since his compassionate release motion are now even more extraordinary and compelling. (ECF No. 80 at 3–5). "While the government initially conceded that Motalebi could show extraordinary and compelling reasons, it agrees that circumstances have changed" but to Motalebi's detriment. (ECF No. 83 at 2).

Motalebi has since been offered a COVID-19 vaccine and refused it. (*Id.* at 2). A "defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination." *United States v. Austin*, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (internal citations omitted).

The court will follow the current prevailing view that refusal of a vaccine strongly undermines a defendant's argument that his susceptibility to COVID-19 is an extraordinary and compelling circumstance. *See United States v. Baeza-Vargas*, 2021 WL 1250349, at *2–

- 4 -

3 (D. Ariz. Apr. 5, 2021) (citing more than a dozen cases ruling that "an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"). And while Motalebi's recent conduct in prison is commendable, it does not change the court's balancing of the § 3553(a) sentencing factors and denial of compassionate release.

In sum, the intervening change in law in *Aruda* does not impact the court's denial of compassionate release. And Motalebi's new evidence of his successful programming and declining health condition, taken together with his refusal of a vaccine, are not such a strong change in extraordinary and compelling circumstances that make reconsideration and release appropriate. For these reasons, Motalebi's motion for reconsideration (ECF No. 80) is DENIED.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Motalebi's motion for reconsideration (ECF No. 80) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Motalebi's motion to seal (ECF No. 81) and the government's motion to seal (ECF No. 84) be, and the same hereby are, GRANTED. There is good cause to seal as these exhibits contain personal contact information of Motalebi's family friend and his private medical records.

DATED June 23, 2021.

_____
UNITED STATES DISTRICT JUDGE